POLIZZI *v.* COWLES MAGAZINES, INC.

No. 287.   Argued March 10, 1953.—Decided June 1, 1953.

*A. C. Dressler* argued the cause for petitioner.  With him on the brief was *John D. Marsh.*

*Manuel Lee Robbins* argued the cause for respondent. With him on the brief was *John F. Harding.* *Robert H. Anderson* entered an appearance for respondent.

MR. JUSTICE MINTON delivered the opinion of the Court.

Respondent, an Iowa corporation which publishes *Look* magazine, maintains no offices in Florida, but sells its magazines to two independent wholesale companies which distribute them to retailers in Florida. Respondent does employ two "circulation road men" whose job is to check retail outlets in a multi-state area which includes Florida. These two road men cover separate and mutually exclusive districts, and neither exercises any supervision over the other. Petitioner, a resident of Florida, brought suit against Respondent in the Circuit Court of Dade County, Florida, for allegedly libelous matter printed in *Look* magazine. Respondent moved to dismiss or in lieu thereof to quash the return of service, made on an agent of one of the distributing wholesalers. Before the state court acted on this motion, Respondent removed the action to the United States District Court for the Southern District of Florida. See 28 U. S. C. (Supp. V) §§ 1332, 1441, 1446, 1447 (b). That court issued an additional summons which was served on Briardy, one of Respondent's road men, "as a managing agent of [Respondent] transacting business for it in the State of Florida . . . ." See 28 U. S. C. (Supp. V) § 1448; Fed. Rules Civ. Proc., 4 (d)(3), (7); Fla. Stat. Ann., 1943, § 47.17 (5). On Petitioner's motion, the original state court service was quashed. Respondent then moved the court "to dismiss this action or in lieu thereof to quash the return of purported or attempted service of the additional summons . . . ." The District Court, without passing upon the motion to quash the return of service, dismissed the action on the ground that it did "not have jurisdiction

under Section 1391, sub-section C, New Title 28, United States Code" because Respondent "was not, at the time of the service of the summons, doing business in [the Southern District of Florida]." The Court of Appeals for the Fifth Circuit affirmed on the same ground, 197 F. 2d 74, and we granted certiorari. 344 U. S. 853.

The only question in this case on the record before us is whether the District Court correctly dismissed the action for want of jurisdiction.

Both courts below held that the District Court lacked jurisdiction, but they reached that conclusion by deciding that Respondent was not "doing business" in Florida within the meaning of 28 U. S. C. (Supp. V) § 1391 (c). Section 1391 is a general venue statute. In a case where it applies, if its requirements are not satisfied, the District Court is not deprived of jurisdiction, although dismissal of the case might be justified if a timely objection to the venue were interposed. 28 U. S. C. (Supp. V) § 1406. But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U. S. C. (Supp. V) § 1441 (a), and under that section venue was properly laid in the Southern District of Florida. *Lee* v. *Chesapeake & O. R. Co.*, 260 U. S. 653; *General Investment Co.* v. *Lake Shore & M. S. R. Co.*, 260 U. S. 261, 270–279; *Moss* v. *Atlantic Coast Line R. Co.*, 157 F. 2d 1005.[1] The pertinent provisions of the two statutes are set forth in the margin.[2] Section 1391 (a) limits the district in which an action may be "brought." Section 1391 (c)

---

[1] See also 1 Barron and Holtzoff, Federal Practice and Procedure, § 101; Charles W. Bunn, Jurisdiction and Practice of the Courts of the United States (5th ed., Charles Bunn, 1949), 146–148; Moore, Commentary on the United States Judicial Code, 199.

[2] "§ 1391. Venue generally.

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be *brought*

similarly limits the district in which a corporation may be "sued." This action was not "brought" in the District Court, nor was Respondent "sued" there; the action was *brought* in a state court and *removed* to the District Court. Section 1441 (a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." The Southern District of Florida is the district embracing Dade County, the place where this action was pending. 28 U. S. C. (Supp. V) § 89.

Therefore, the question whether Respondent was "doing business" in Florida within the meaning of § 1391 (c) is irrelevant, and the discussion of that question is beside the point. The District Court based its holding that it lacked jurisdiction on a statute which has no application to the case, and the Court of Appeals affirmed on the same reasoning.

We express no opinion whether Respondent was "doing business" in Florida within the meaning of the due process requirements set out in *International Shoe Co.* v. *Washington,* 326 U. S. 310, because Respondent has not

---

only in the judicial district where all plaintiffs or all defendants reside.

 .   .    .    .    .

"(c) A corporation may be *sued* in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." (Emphasis supplied.)

"§ 1441. Actions removable generally.

"(a) Except as otherwise expressly provided by Act of Congress, any civil action *brought* in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending."* (Emphasis supplied.)

contended that the *International Shoe* test is not met.[3] Nor do we decide whether the District Court acquired jurisdiction of the person of Respondent by proper service, because the lower courts did not pass on the question of service. Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to the District Court to take jurisdiction of the action and determine whether the District Court acquired jurisdiction of Respondent by proper service.

*Reversed.*

MR. JUSTICE FRANKFURTER, not having heard the argument, took no part in the consideration and disposition of this case.

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

MR. JUSTICE BLACK, with whom MR. JUSTICE JACKSON joins, concurring in part and dissenting in part.

Polizzi lives in Coral Gables, Florida. He has been in the construction business there for some years. Cowles Magazines, Inc., an Iowa corporation, publishes *Look*, a magazine circulating nationally. May 23, 1950, *Look* carried an article branding Polizzi as one of the ringleaders of a national gang of murderous, blackmailing prostitute-pandering criminals. Nearly 50,000 copies covered Florida. Many were displayed and distributed in Polizzi's home town. He at once wrote the publisher that the charges against him were false, demanding both retraction and apology. It did nothing. Polizzi then

---

[3] "In the case now before the Court no question of due process is involved." Brief for Respondent in Opposition to Writ of Certiorari, p. 9. "All this has nothing to do with due process . . . ." Brief for Respondent, p. 17.

brought this libel suit in the state circuit court of his home county. Appearing "specially" in the local United States District Court, the Cowles corporation obtained an order for removal of the case from state to federal court. It asked the District Court to dismiss the case without giving Polizzi a chance to have it tried on the merits. The reasons urged were that Cowles was an Iowa corporation, was not and had not been "doing business" in Florida and consequently could not be sued in the Florida court unless it consented to be sued there. The effect of this contention was that while Polizzi could bring his libel suit in a federal district court in the corporation's home state of Iowa, no such suit could be maintained in a federal court in the state where Polizzi lived and where the criminal charges were likely to do him the most harm. Agreeing with Cowles, the District Court dismissed Polizzi's suit without giving him a chance to try the case on its merits. The Court of Appeals affirmed. For many reasons I think the dismissal was wrong and therefore concur in this Court's reversal of that dismissal. From this point on, however, I part company with the Court.

This Court reverses solely because both the District Court and the Court of Appeals in dismissing referred to and relied on the "doing business" provisions of 28 U. S. C. § 1391 (c), a venue statute not applicable to removal cases like this but to suits originally filed against corporations in United States District Courts. For this reason, not suggested by Cowles or Polizzi, the Court refuses to pass on the "doing business" contention which Cowles did make and which both courts below decided.[1]

---

[1] The record makes clear that the "doing business" question was the ground on which Cowles made the motion to dismiss, the ground on which the District Court dismissed the lawsuit, the ground on which the Court of Appeals affirmed, and a ground on which Cowles asked us to affirm the dismissal. The corporation's motion to dismiss

This means the case goes back for reconsideration of the same old "doing business" question that has been hanging fire for three years. It took three years for Polizzi to get here and have the Court by-pass the "doing business" question this time. If he is lucky enough to get that question back here and decided for him in three more years, he may then look forward to the possibility of having a jury try his case sometime along about 1957.

I think this Court should here and now reject Cowles' dilatory contentions. There may have been some reason for snarling up lawsuits against foreign corporations a hundred years ago because of newly expanding activities of migratory businesses. But there is no such excuse now. A large part of the business in each and every state is done today by corporations created under the laws of other states. To adjust the practical administration of law to this situation the Court in recent years has refused

asserted that "The defendant is a corporation organized under the laws of Iowa and was not doing or carrying on business in Florida at the time of such purported or attempted service and is not doing and has never done business within the State of Florida so as to be present in Florida . . . ." Evidence of a number of witnesses was heard on this "doing business" question. The District Court dismissed by finding "as a matter of fact that defendant was not, at the time of the service of the summons, doing business in this district . . ." and then related the dismissal to 28 U. S. C. § 1391 (c). The Court of Appeals affirmed on the same ground, saying that the company could not "be said to be doing business in the state so as to be subject to suit there." It reached this conclusion because it thought the company's activities were not within "the meaning of doing business" as "discussed in the authorities" to which it referred, namely, *International Shoe Company* v. *Washington,* 326 U. S. 310, and a number of other cases of this Court cited in footnote 2, 197 F. 2d 74, 76. And in this Court the corporation argued specifically that ". . . the conclusion is inevitable that the courts below in holding that respondent was not transacting business in the State of Florida fairly followed the principles laid down in the *International Shoe Co.* case."

to be bound by old rigid concepts [2] about "doing business." Whether cases are to be tried in one locality or another is now to be tested by basic principles of fairness,[3] unless, as seems possible, this case represents a throwback to what I consider less enlightened practices.

Under any of the concepts, old or new, I think Cowles was doing business in Florida. It had a regular agent there, paid by the month, whose sole job was to carry on activities for Cowles in order to increase *Look's* circulation in that state. On this agent, who managed for the publishing corporation all the business it carried on in Florida, process was served. These facts, together with others which I need not labor, show the frivolous nature of the "doing business" question. They show also the lack of merit in the question the Court tells the district judge to pass on: Should the 1950 notice by service on the corporation's regular Florida representative be held sufficient to require it to defend, or should the District Court now after three years' litigation quash that service and require that new notice of the suit the corporation is here defending be served on some other company employee? I venture to suggest that if this question were raised anywhere except in a court, it would be dismissed as ludicrous.

But aside from what has been said, there is a new statute which gives an anachronistic flavor, a sort of irrelevance to all of Cowles' dilatory motions and arguments. I refer to 28 U. S. C. § 1404 (a), which has codified the doctrine of *forum non conveniens*. That statute

[2] Cf. von Jhering, In the Heaven of Legal Concepts, translated in Cohen and Cohen, Readings in Jurisprudence and Legal Philosophy, 678–689.

[3] See on this point *International Shoe Co.* v. *Washington*, 326 U. S. 310; *Travelers Health Assn.* v. *Virginia*, 339 U. S. 643; *United States* v. *Scophony Corp. of America*, 333 U. S. 795.

gives district judges broad powers to transfer civil actions from one district to another "in the interest of justice." [4] And the heart of Cowles' contention is that it would be unfair, inconvenient and unjust to subject it to a suit in the District Court of Florida. But the Iowa corporation has not denied at all that it could be subjected to this libel suit in the federal district court in Iowa or in some other district where the corporation is "doing business." Therefore, the question Cowles has been raising from the beginning is: In what federal district court does the fair administration of justice require that this lawsuit be tried? This poses precisely the problem which the rule of *forum non conveniens* is designed to meet and solve. In light of that rule I think we should reject Cowles' old dilatory motions and direct the District Court in Florida to try this case at once, unless Cowles can show that court that it would be in the interest of justice to try the case in another district. But the Court refuses to discard old outdated concepts for the new rule of convenience and fairness. Instead Polizzi is sent back to the District Court not to try his case on the merits but to listen a few more years to a debate over whether Cowles has had adequate notice of this suit and whether the corporation is "doing business" in Florida. In the meantime, Polizzi stands convicted in the eyes of his community on the basis of an unproved story. At least since Magna Charta some

[4] 28 U. S. C. § 1404 (a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A companion statute, 28 U. S. C. § 1406 (a), provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

people have thought that to delay justice may be to deny justice. I would order that Polizzi be given the trial he seeks.[5]

MR. JUSTICE BURTON, concurring in part and dissenting in part.

I agree that the District Court and the Court of Appeals erroneously referred to the wrong venue statute in deciding the question of "doing business." Like MR. JUSTICE BLACK I think it unfortunate that this case must be prolonged by a remand to consider again the same "doing business" question under another statute. Unlike MR. JUSTICE BLACK, however, I find nothing in the majority opinion to suggest that the enlightened rationale of our more recent cases such as *International Shoe Co.* v. *Washington,* 326 U. S. 310, has been abandoned or impaired. Nor do I find any hint in the majority opinion that anything in the Constitution or other federal law prohibits the trial of this case in a United States District Court in Florida. My objection is that the majority have not ruled on this question at all.

---

[5] 28 U. S. C. § 2106 provides that this Court in reversing judgments may direct the District Court to enter such orders as are "just under the circumstances."